IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANITA APRIL HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0404-WS-B |
| | ) |
| TOYS "R" US, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The defendant removed this action on the basis of diversity of citizenship. Although the plaintiff has filed no motion to remand, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Assuming without deciding that the defendant has established the existence of complete diversity, it has not met its burden of showing that the amount in controversy exceeds $75,000.

The complaint alleges that the plaintiff was an invitee in the defendant's store when a "large and heavy box fell on her." The complaint alleges that the plaintiff "suffered injury to her upper back, neck, right arm and head"; "was bruised and contused and otherwise injured and damaged"; "has experienced and continues to experience pain and suffering"; "has experienced and continues to experience emotional distress and mental anguish"; and "has incurred and continues to incur doctor, hospital, drug and rehabilitation expenses." The complaint demands compensatory and punitive damages in an amount unstated other than as exceeding the state court's $10,000 jurisdictional threshold.

"In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Friedman v. New York Life Insurance Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005). "[W]e hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance

of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Because the plaintiff has made an unspecified demand for damages, the *Tapscott* standard applies here.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The amount in controversy is not apparent from the face of the complaint, because there is no way to determine from the complaint whether the plaintiff has been injured so badly as to place over $75,000 in controversy. *Cf. Williams,* 269 F.3d at 1318, 1320 (allegations that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, that she incurred substantial medical expenses, that she suffered lost wages, that she experienced a diminished earning capacity, and that she would continue to suffer these damages in the future, along with a demand for both compensatory and punitive damages, did not render it facially apparent that the amount in controversy exceeded $75,000).[1]

---

[1] The complaint says the plaintiff injured her head, neck and upper back, but it does not say how seriously, other than the unhelpfully modest statement that she was "bruised and contused." The complaint says she has experienced pain and suffering, but it does not say how much. The complaint says the plaintiff has medical bills, including hospital and rehab, but it does not say the extent of treatment (e.g., a month in the hospital versus an outpatient visit) or its cost. The complaint is thus indistinguishable from that in *Williams*, where the plaintiff alleged permanent physical injuries but did not identify their severity and alleged significant medical expenses but did not describe or price them.

Looking to the notice of removal, the Court finds only a single basis for the defendant's position that the amount in controversy requirement is satisfied: a "nationwide search" revealed 16 jury verdicts exceeding $75,000 in cases involving maintenance of a defendant's premises and resulting personal injuries. The defendant's only "evidence" is counsel's affidavit that, based on his research into recent verdicts and settlement agreements, he believes the amount in controversy exceeds $75,000.

In *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), the removing defendant under the Class Action Fairness Act noted that "plaintiffs in recent mass tort actions in Alabama had received either jury verdicts or settlements for greater than" the jurisdictional amount. *Id*. at 1189. The Court rejected such evidence because it had not come from the plaintiffs,[2] but it went on to "question whether such general evidence is ever of much use in establishing the value of claims in any one particular suit." *Id*. at 1221. Other verdicts are certainly inadequate to carry a removing defendant's burden when the defendant fails to provide details about the facts of the other cases, or when there is no "specific detail about the present action," or both. *Id*. In such a situation, there is insufficient information to allow a comparison between the other cases and the removed case, and thus a court cannot "possibly ascertain how similar the current action is to those the defendants cite." *Id*.; *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010) (the *Lowery* defendants failed because they "failed to explain the facts of those other tort cases or link them to the facts of the *Lowery* case"); *cf. Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir. 2003) ("[M]ere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of [the plaintiff's] assertion" that the amount in controversy exceeds $75,000).

---

[2] This portion of *Lowery* does not apply to cases, such as this one, removed based on the initial pleading. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 761, 767-68 (11th Cir. 2010).

Assuming without deciding that *Lowery* leaves the door open for a removing defendant to rely on (or solely on) awards in other cases, the Court has been provided insufficient information to allow it to ascertain how similar this action is to those. Without that showing of similarity, the other cases cannot support the inference that the amount in controversy here exceeds $75,000.

First, the plaintiff in this case was hurt when a box fell on her, but in all save one of the defendant's cases, the plaintiff was hurt when he or she slipped (or tripped) and fell. Second, in most of the defendant's cases, the plaintiff suffered fractures and/or spinal injuries, while the complaint here discloses neither of those injuries. Third, the defendant's rendition of the other cases does not specify whether punitive damages were awarded and, if so, in what amount and based on what evidence (e.g., a history of similar incidents or a failure to correct a known dangerous condition). Nor is there anything in the complaint that would allow the Court to assume that the defendant engaged in conduct similar to that supporting punitive damages awards in the other cases.

At bottom, all the defendant can say is that, on occasion, shoppers injured in stores have been awarded over $75,000. This is as unobjectionable a proposition as it is unsurprising, but it says nothing about whether *this* complaint, alleging that *this* plaintiff, injured on *this* occasion in *this* (largely unknown) fashion, receiving *these* (largely unknown) injuries and experiencing *these* (largely unknown) damages, places more than $75,000 in controversy in *this* case. Given the opaque complaint in this case and the superficial description of other cases, the defendant offers not "reasonable extrapolation" but only "speculation," and the amount in controversy cannot be shown by the latter. *Pretka*, 807 F.3d at 753-54.

For the reasons set forth above, this action is **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 24th day of September, 2010.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE